# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANDREW CHARLES JACKSON,**

  **Petitioner,**

v.                 Civil Action No. 3:13cv26
                  Criminal Action No. 3:00cr6
                  (Judge Bailey)

**UNITED STATES OF AMERICA,**

  **Respondent.**

## REPORT AND RECOMMENDATION

On March 4, 2013, the *pro se* petitioner, Andrew Charles Jackson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:13-cv-26, ECF No. 1; Criminal Action No. 3:00-cr-6, ECF No. 600.) The respondent was not ordered to answer the motion. This matter is pending for initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On January 20, 2000, petitioner was named in a 13 count indictment charging him with conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. §848, conspiring to distribute cocaine base in violation of 21 U.S.C. §846, distributing cocaine base in violation of 21 U.S.C. 841(a)(1), using an carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c), and killing Vatressa Miller in furtherance of a CCE in violation of 21 U.S.C. §848(e)(1)(A). Thereafter, on August 3, 2000, petitioner was named in a second indictment charging him with conspiring to distribute cocaine base. At trial, the jury convicted the petitioner

on all counts. As a result, the Court sentenced petitioner to life in prison.

**B. Appeal**

Petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his sentence and conviction on March 15, 2004. Thereafter, petitioner unsuccessfully petitioned the United States Supreme Court for a writ of certiorari.

**C. Federal Habeas Corpus**

The petitioner filed his first motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 on October 11, 2005. (Civil Action No. 3:05-cv-110, ECF No. 1; Criminal Action No. 3:00-cr-6, ECF No. 494.) In support, petitioner argued that there was insufficient evidence to support his conviction for conducting a CCE in violation of 21 U.S.C. §848 and that trial counsel was ineffective for failing to object to hearsay testimony of Flora Rays and Kenyon West. Thereafter on April 17, 2007, petitioner filed an amended petition alleging that imposition of his sentence violated the principles announced by the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005).

In response, the Government contended that the petitioner's challenges to the sufficiency of the evidence were barred, as they could have been, but were not, raised on direct appeal. In the alternative, the argued that the petitioner failed to make the requisite showing to disturb the jury's verdict on sufficiency grounds. Further, the United States argued that trial counsel was not ineffective as petitioner's alleged errors stem from a misunderstanding of the law. As a final matter, the Government asserted that petitioner's reliance on Booker was misplaced, as his appeal was not pending at the time the decision was rendered. Upon consideration, the Magistrate Judge found that the petitioner's challenges to the sufficiency of the evidence were both procedurally defaulted and without merit. (Report and Recommendation, Civil Action No. 3:05-cv-110, ECF No. 6; Criminal

Action No. 3:00-cr-6, ECF No. 494.) The petitioner filed objections to the report and recommendation on January 2, 2008. (Criminal Action No. 3:00-cr-6, ECF No. 505). On May 29, 2008, the Court adopted Magistrate Judge Seibert's Report and Recommendation denying the petitioner's Motion Under 28 U.S.C. § 2255. . (Order adopting Report and Recommendation, Civil Action No. 3:05-cv-110, ECF No. 8; Criminal Action No. 3:00-cr-6, ECF No. 513.) In addition, District Court's Order denies a Motion to Amend the Petition (Crim. ECF 509) and a Motion for Preliminary Injunction (Crim. ECF 511) *Id.* Petitioner filed a Motion to Reconsider (Crim. ECF 517) the District Court's ruling on June 26, 2008, which was denied by the District Court on July 2, 2008. (Crim. ECF 519.)

The petitioner appealed the denial of his § 2255 motion and the denial of his Motion to Reconsider to the Fourth Circuit Court of Appeals. The Court of Appeals denied certificate of appealability and dismissed the petitioner's appeal on August 31, 2010, because it determined that petitioner had not made the requisite showing. U.S. v. Jackson, 393 Fed. Appx. 129 ( 4th Cir. 2010.)

Petitioner's second Motion to Vacate was filed on March 4, 2013. (Civil Action No. 3:13-cv-26, ECF No. 1; Criminal Action No. 3:00-cr-6, ECF No. 600.)

## II. Analysis

### A. Statute of Limitations for Filing a 28 U.S.C. § 2255 Motion

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

3

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct review of his conviction or sentence. First, if following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003).

Here, the Fourth Circuit affirmed petitioner's conviction and sentence on March 15, 2004. The Supreme Court denied petitioner's writ of certiorari on October 4, 2004. Petitioner filed his first Motion to Vacate on October 11, 2004. That Motion was denied by district court on July 2, 2008 and appealed to the Fourth Circuit. The Fourth Circuit Court of Appeals denied certificate of

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

appealability and dismissed petitioner's appeal on August 31, 2010. Because the petitioner did not file this present second § 2255 motion until March 4, 2013, it is untimely.

B. **Second and Successive § 2255 Motions Prohibited**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in § 2255 by a panel of the appropriate Court of Appeals to contain –

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence
>     as a whole, would be sufficient to establish by clear and convincing evidence
>     that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review
>     by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was dismissed on both procedural grounds and the merits, thus baring a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion to this Court.[2] Therefore, pursuant to 28 U.S.C. § 2244 and § 2255,

---

[2]Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate Court of Appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered

the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of the petitioner's claims, the undersigned recommends that the petitioner's § 2255 motion be denied with prejudice as untimely and also for lack of jurisdiction.

### III.  Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** the petitioner's motion, dismissing the case from the docket as untimely and also for lack of jurisdiction as a second or successive motion for which the petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied,

---

previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** April 3, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE